UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AHMAD WILEY** | : | **DOCKET NO. 21-cv-1722** |
| D.O.C. # 712173 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint [doc. 5], filed pursuant to 42 U.S.C. § 1983, by plaintiff Ahmad Wiley, who is proceeding pro se and in forma pauperis in this matter. Wiley is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana ("ACC"). He names as defendants James M. Leblanc, Keith Cooley, Anthony Allemand, Selton Manuel, and Rachel Rowland.

For reasons stated below **IT IS RECOMMENDED** that claims against James M. Leblanc and Rachal Rowland be **DISMISSED**[1].

## I.
### BACKGROUND

Plaintiff complains that Allen Correctional Center fails to enforce its no smoking policy, in violation of plaintiff's constitutional rights. Specifically, he asserts that Warden Cooley is aware that the smokeless tobacco being sold at ACC is being "dried out in the microwave, which gives off an offensive and toxic smell, and that the tobacco is then rolled up in bible paper or thin sheets

---

[1] Plaintiff's claims against Cooley, Allemand and Manuel will be addressed in a separate order.

of paper and smoked." Doc. 1, att. 3, p. 3.  Defendant Allemand is the Unit Colonel at ACC and assigned supervisor over the operation of ACC and for the welfare of all inmates at the prison.  *Id*. at p. 2.   Defendant Manuel is the Unit Manager and was assigned to oversee canteen operations, which sells the product which is being smoked.  *Id*. at pp. 2-3.

Defendant Rachel Rowland, Nurse Practitioner, was at all relevant times the head of the medical department.  *Id*. at p 2.  Wiley contends that he made a routine sick-call on February 23, 2021, at which time he informed Rowland that he was suffering from migraine headaches and had trouble breathing as a result of the continued exposure to inhaled smoke.  *Id*.  She told him to, "take the Ibuprofen you already get!"  *Id*.  After telling her that medicine "cannot cure secondhand smoke," she told him that she couldn't help him.  *Id*.

Secretary James Leblanc is named as a defendant in his capacity as the Secretary of the Louisiana Department of Corrections.  Doc. 1, p. 3.  No factual allegations have been made against him.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Wiley has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would

entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Improper Defendants

#### a. James M. Leblanc

##### i. Official Capacity

A suit against an official in his official capacity is actually a suit against the state. *Hafer v. Melo*, 112 S. Ct. 358 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992). The Eleventh Amendment bars a suit against a state or a state official unless the State has waived its immunity. *Will v. Michigan Dept. of State Police*, 109 S. Ct. 2304, 2309 (1989). The state of Louisiana has statutorily refused any waiver of Eleventh Amendment sovereign immunity in federal court. *Id.*; La. Rev. Stat. Ann. § 13:5106(A).

An exception to this general principle was created in *Ex parte Young*, where the United States Supreme Court held that a suit for prospective injunctive relief, challenging the constitutionality of a state official's action in enforcing state law, is not one against the State. *Ex*

*Parte Young*, 28 S. Ct. 441, 454 (1908). Thus, Wiley's claim for monetary damages from Leblanc in his official capacity is barred by the Eleventh Amendment. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004).

### ii. *Personal Capacity*

The Supreme Court has articulated a two-prong test for determining whether environmental tobacco smoke (ETS) exposure violates a prisoner's Eighth Amendment right: "First, the prisoner must show [objectively] that he is being exposed to unreasonably high levels of environmental tobacco smoke," and second, "the prisoner must show [subjectively] that prison authorities demonstrated a deliberate indifference to his plight." *Davis v. McCain*, No. 16-cv-1534, 2019 WL 8273960, at *1 (W.D. La. Dec. 11, 2019) (citing *Helling v. McKinney*, 113 S. Ct. 2475, 2482, (1993)).

As for the first prong, Courts have taken judicial notice of the Surgeon General's 2006 report on health consequences related to exposure to ETS. See *Davis*, 2019 WL 8273960, at *4; *Samuels v. Arnold*, No. 11-cv-0201, 2014 U.S. Dist. LEXIS 46399, 2014 WL 1340064, at *3 (W.D. La. Apr. 1, 2014). There is no risk-free level of exposure to secondhand smoke; breathing even a little can be harmful to health. *Davis*, 2019 WL 8273960, at *4; *Samuels*, 2014 U.S. Dist. LEXIS 46399, 2014 WL 1340064, at *3.

The United States Court of Appeals for the Fifth Circuit noted that "sporadic and fleeting exposure" is not "unreasonably high" for the purposes of *Helling*. *Davis*, 2019 WL 8273960, at *4 (citing *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)). The Fifth Circuit has also recognized that a prisoner sufficiently states an Eighth Amendment claim if they have been exposed to ETS for a "sustained time, even if the ETS had not already harmed his health." *Wesley v. LeBlanc*, No. 1:20-CV-00243, 2021 WL 1219982, at *4 (W.D. La. Mar. 15, 2021) (citing

*Murrell v. Chandler*, 109 F. App'x 700, 701 (5th Cir. 2004); *Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir. 1997)). A distinction has been drawn between "intermittent exposure to smoke during bus rides" as "sporadic and fleeting" and "situations [where] the plaintiff was forced to share living quarters with smokers . . . " as "unreasonably high." *Brooks v. Menifee*, No. 1:07-cv-00131, 2010 WL 774079, at *3 (W.D. La. March 4, 2010); see also *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008).

Regarding the second prong, "deliberate indifference" exists when the prison official knows that inmates are at risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Davis*, 2019 WL 8273960, at *4 (quoting *Farmer v. Brennan*, 114 S. Ct. 1970, 1984 (1994)). In deciding whether a plaintiff has demonstrated deliberate indifference, a court considers: existence of a no-smoking policy, enforcement of the policy when violations are observed, direct complaints to prison officials, extent of bodily injury, and pervasiveness of smoking within indoor spaces. See *Davis*, 2019 WL 8273960, at *3-4; *Gipson*, 2018 WL 1973225, at *2-3; *Samuels*, 2014 U.S. Dist. LEXIS 46399, 2014 WL 1340064, at *4-5.

Wiley fails to establish that Secretary LeBlanc is personally liable on the face of the Complaint. Secretary LeBlanc does not supervise or control the day-to-day operations and employees of ACC. See *Santos Dardar #490648 v. Leblanc*, 2021 U.S. Dist. LEXIS 177822, *5 (W.D. La. Sep. 1, 2021). Moreover, plaintiff has not claimed personal involvement by Secretary LeBlanc in the alleged failure of ACC to enforce the no—smoking policy at ACC, nor has he alleged the implementation of an unconstitutional policy by Secretary LeBlanc. *Id*. Liberally construed, Wiley has not sufficiently stated a claim against Secretary LeBlanc in his personal capacity and that complaint should be dismissed.

### *b. Rachel Rowland*

Plaintiff is also suing Nurse Practitioner Rachel Rowland for deliberate indifference to his serious medical needs. Under the Eighth Amendment, prison officials have a duty to provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish an Eighth Amendment violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *Morris v. Livingston,* 739 F.3d 740, 747 (5th Cir. 2014) (quoting *Wilson v. Seiter*, 111 S. Ct. 2321, 2323 (1991)) (explaining that because "only the 'unnecessary *and wanton* infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs" (emphasis in original)).

Deliberate indifference "is an 'extremely high' standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009). Allegations of malpractice, negligence, or unsuccessful treatment fail to establish deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Similarly, an inmate's disagreement with the medical treatment provided does not give rise to a constitutional claim (*Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)), and a delay in delivering medical care creates constitutional liability only where the alleged deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In sum, an inmate must demonstrate that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs" to state a viable Eighth Amendment claim for deliberate indifference to serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Here, plaintiff has not alleged sufficient facts demonstrating that Rowland violated his Eighth Amendment rights concerning his medical care. The complaint concedes that Rowland was responsive to his medical needs, seeing him on February 23, 2021, and recommending that he take the over-the-counter pain medication he was previously prescribed for his headaches. Doc. 1, at. 3, p. 2. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

There is nothing in the medical records to support a conclusion that the Rowland refused to treat Wiley, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Overall, the facts as alleged and supplemented by the medical records do not support a claim of deliberate indifference to plaintiff's serious medical needs by Rowland. Plaintiff's medical deliberate indifference complaint fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact.

## III.
### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that all claims against James M. Leblanc and Rachel Rowland be **DENIED and DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

-8-

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 17th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE